**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
No. 10-4118**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.    **District Court No. 2:09-CR-00222(01)**

**DAVID KEITH BARBEITO,**

      **Defendant.**

**MEMORANDUM IN SUPPORT OF
DEFENDANT BARBEITO'S RELEASE**

The Defendant, David Keith Barbeito, by and through undersigned counsel, files this Memorandum in support of Defendant Barbeito's release by stating the following:

**ISSUE PRESENTED FOR REVIEW**

Whether the District Court clearly erred in affirming the Magistrate's decision to detain Defendant Barbeito when sufficient conditions of release exist to ensure David Barbeito's appearance and to ensure safety to the community.

**STANDARD OF REVIEW**

As with district court review, the statute does not indicate the standard of review in the circuit courts. The Fourth Circuit favors the most clearly deferential

review, the clearly erroneous standard. *U.S. v. Williams,* 753 F.2d 329 (4th Cir. 1985).

Defendant Barbeito submits that the District Court's findings are clearly erroneous and thus warrant a reversal and release of Defendant Barbeito. That is, sufficient conditions of release exist to ensure David Barbeito's appearance in court the safety of the community.

## ARGUMENT

### I.

### BAIL REFORM ACT

Title 18, U.S.C. §3142(b) mandates pretrial release on personal recognizance or an unsecured appearance bond <u>unless</u> the court determines that "such release will not reasonably assure" the person's appearance or "will endanger the safety of any other person or the community." The statute imposes as a standard condition of release that the person cannot commit a federal, state, or local crime during the release period. The Act emphasizes release on personal recognizance or an unsecured appearance bond; however, the court may also consider the safety of the community. *See U.S. v. Williams,* 753 F.2d 329 (4th Cir. 1985). Relying on legislative history, *Williams* found that concern about safety was intended to be given a broader construction than just physical harm and may include proven continued dealing in narcotics.

Section 3142(g) sets forth the factors the Court should take into account when making a determination on bond. They include:

1) The nature and circumstances of the offense charged;

2) The weight of the evidence;

3) The history and characteristics of the person including:

    a. The defendant's character;

    b. Physical and mental condition;

    c. Family ties;

    d. Employment;

    e. Financial Resources;

    f. Length of residence in the community;

    g. Community Ties;

    h. Past Conduct;

    i. History relating to drug or alcohol abuse;

    j. Criminal history;

    k. Record of appearance at court proceedings;

    l. Whether at the time of the current offense or arrest the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence; and,

   m. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

### A. <u>Personal History Characteristics weigh in favor of release.</u>

In considering the 3142(g) factors, the Magistrate specifically stated that as to David Barbeito's personal history characteristics, "all would tend to argue toward release." Specifically, the Magistrate stated,

> "He has basically no criminal history that counts against him. He is employed. He's in a long-term relationship. He has strong family ties. He has ties to the community. While he has some history with alcohol, he obviously has that under control. He has never failed to make an appearance in court. You know, in other words, he scores well."

In its opinion, the district court states, "the nature of the threat Defendant potentially poses to others is not predicated on his capacity for violent acts." Rather, it is predicated on his alleged ability to direct the violent actions of subordinate members of the PMC and its support clubs. However, inherently contradictory in the District Court's finding is that no evidence exists that the non-violent David Barbeito, President of the PMC, directed the violent acts contained within the Indictment, much less the hearsay news reports submitted by the government (de novo and *after the magistrate hearing*). No evidence exists that David Barbeito directed the clashes between the PMC and members of the Hell's Angels which have "occurred over the past eight years," as stated in the government's response. Yet, it is based upon these facts that the district court

4

found that David Barbeito has the "ability to endanger others through his position as the president of the PMC. The rationale is flawed and internally inconsistent. One cannot state that a man does not have the capacity to commit violent acts yet at the same time state that he can direct violent acts. The law makes no distinction between acting and directing the act in a conspiracy. As such to split hairs to deny a defendant bond flies in the face of reason.

**B.    Nature and Circumstances of the offense charged**

David Barbeito argues that the District courts findings were clearly erroneous in that the government failed to prove by clear and convincing evidence that David Barbeito himself is a danger to the community. Thus, the district court's finding warrants a reversal.

The government bears the burden of showing dangerousness by clear and convincing evidence. In *U.S. v. Bell*, 673 F. Supp 1429 (E.D. Mich. 1987), the court accepted the following definition of "clear and convincing," quoting 30 A. Jur. 2d Evid. §1167:

> Witnesses to a fact must be found to be credible, and that the facts to which they have testified are distinctly remembered and the details thereof narrated exactly and in due order, so as to enable a trier of the facts to come to a clear conviction without hesitancy of the truth of the precise facts in issue.

Clear and convincing evidence may be shown if the defendant had made threats to witnesses, *U.S. v. Coonan,* 826 F.2d 1180 (2nd. Cir. 1987); where

evidence was presented that the defendant had nine priors, including assaultive behavior and drugs, *U.S. v. Bayko*, 774 F.2d. 516 (1st Cir. 1985); where evidence exists of a prior criminal record including use of firearms, *U.S. v. Warren*, 787 F.2d 1237 (8th Cir. 1986).  However, the **possession of guns alone should not constitute clear and convincing evidence of danger**, *U.S. v. Jeffries*, 679 F. Supp 1114 (M.D. Ga. 1988).  Furthermore, **the mere fact that a defendant is charged with a crime of violence will not meet the clear and convincing evidence standard**.  *U.S. v. Chimurenga,* 760 F.2d. 400 (2d Cir. 1985); *U.S. v. Ridinger*, 623 F. Supp 1386 (W.D. Mo. 1985).

In the case before the Court the district Court's findings demonstrate that its ruling was impermissibly based upon the nature and circumstances of the allegations in the indictment, a finding which in and of itself **cannot** meet the clear and convincing evidence standard.  Furthemore, the district Court's findings were based upon the WHOLE indictment when David Barbeito is NOT CHARGED in the murder conspiracy, the illegal use of firearms, the drug conspiracy, nor is he alleged to have directed any of these violent acts.

The only arguable count of "violence" lies in the allegation that David Barbeito orchestrated a kidnapping.  The sworn testimony, used to argue that clear and convincing evidence existed to prove that David Barbeito is a danger to the community, failed to meet the definition of clear and convincing evidence;  that is,

6

"witnesses to a fact must be found to be credible, and that the facts to which they have testified are distinctly remembered and the details thereof narrated exactly and in due order, so as to enable a trier of the facts to come to a clear conviction without hesitancy of the truth of the precise facts in issue. The FBI agent who testified to the kidnapping circumstances testified to several crucial facts:

1) No one confirmed that Mr. Barbeito told the CI to "get a shotgun"

2) Mr. Barbeito did not take the shotgun from the CI and hold it on anybody

3) Mr. Barbeito did not punch, kick, or spit on anybody

4) Mr. Barbeito was invited to Charleston by the "victims"

When cross-examined, the FBI agent did not know the answers to several critical details regarding the CI who provided the information regarding Mr. Barbeito. His lack of knowledge cannot form the basis for clear and convincing proof.

Third, the government's emphasis on the possession of guns by a law abiding citizen, with no felony conviction, and which guns were properly registered in accordance with the law, cannot form the basis of a danger to the community.

It is interesting to note that Mr. Barbeito's detention appears to be based solely on his position with an organization. The government and the court concede that Mr. Barbeito's personal historical characteristics tend to argue towards release.

"He has basically no criminal history that counts against him.  He is employed.  He's in a long-term relationship.  He has strong family ties.  He has ties to the community.  While he has some history with alcohol, he obviously has that under control.  He has never failed to make an appearance in court.  You know, in other words, he scores well."  As such, David Barbeito (the man) is NOT a danger to society.  In as much as it is the MAN that would be a danger to the community, his release should be based upon David Barbeito, the man and NOT David Barbeito, the President.

The government presented NO evidence that David Barbeito the man, or David Barbeito, the President, directed any of the violence alleged in the indictment.  In fact, David Barbeito is not overtly named in the murder conspiracy or the drug conspiracy.  David Barbeito is overtly charged with 3 acts of conducting raffles over his 20 years as President of the PMC.  David Barbeito is overtly charged in a "kidnapping" charge where he was invited to come to the meeting by the alleged "victims."

Assuming the government is arguing for detention by virtue of David Barbeito's position as President, the weight of the evidence thus far produced in discovery fails to link David Barbeito as the individual who directed the violence.  Rather, the weight of the evidence demonstrates that Floyd Moore, a/k/a Diamond Jesse was the individual who directed the violence.

8

Neither the facts presented at either detention hearing rise to the level of clear and convincing evidence that David Barbeito is a danger to the community such that there are no combination of factors which would reasonably assure the safety of the community. Such a finding cannot be based on evidence the defendant has been a danger in the past except insofar as the past suggests future misconduct. *U.S. v. Dominguez*, 783 F.2d. 702 (7th Cir. 1986). More convincingly in his case, David Barbeito has no past criminal conduct upon which the government can speculate future criminal behavior. In essence, the district court's ruling is internally inconsistent. It cannot rule on the one hand that David Barbeito's personal characteristics favor release then find that he is a danger by virtue of his position as the President of an organization.

There is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this limited group of offenders that the courts must be given the power to deny release pending trial. Only when there is a strong probability that a person will commit additional crimes if released is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty. David Barbeito does not fit into this small identifiable group of particularly dangerous defendants. As such, he respectfully submits that

9

this Court reverse the Southern District of West Virginia's revocation and reinstate the bond conditions enumerated by the Magistrate Court in the District of Maryland.

WHEREFORE, for all the reasons set forth above, David Barbeito would respectfully request a de novo review of the district court's findings and a reversal thereof as it pertains to his pretrial release.

Respectfully submitted,

Elgine Heceta McArdle
Counsel for DAVID KEITH BARBEITO

Elgine Heceta McArdle, Esq.
McARDLE LAW OFFICES
80 Twelfth Street, Suite 206
Wheeling, WV 26003
(304) 232-0700
(304) 214-1703 (facsimile)
elgine@mcardlelawoffice.com
www.mcardlelawoffice.com

Stanley Needleman, Esquire
1005 North Calvert Street
Baltimore, MD 21202
(410) 385-2020
(410) 385-2023 (facsimile)
stanleyneedleman@yahoo.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 9, 2010 I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Steven Loew
Blaire L. Malkin
Betty A. Pullin
Karen B. Schommer
OFFICE OF THE U.S. ATTORNEY
Southern District of West Virginia
P.O. Box 1713
Charleston, WV 25326-1713

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Carly A. Ramey
Carly A. Ramey
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219